# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLARENCE BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-661-HE |
| GARFIELD COUNTY JAIL, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *in forma pauperis*, brings this action under 42 U.S.C. § 1983 alleging violation of his constitutional rights. United States District Judge Joe Heaton referred this matter to the undersigned magistrate judge for preliminary review, conducting any necessary hearings, including evidentiary hearings, the entry of appropriate orders as to non-dispositive matters, and the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, it is recommended that this action be summarily **DISMISSED**.

**I. BACKGROUND**

Plaintiff was confined in the Garfield County Detention Facility ("GCDF"). (ECF No. 1:1). He names five Defendants: Garfield County Jail[1]; Jerry Niles, Garfield County Sheriff; Nancy Stanly, Supervisor at Garfield County Detention Facility; Rhonda Bradley, Supervisor at GCDC; and, Jennifer Niles, Jail Administrator at GCDC. (ECF No. 1:1-3).

---

[1] Plaintiff does not list the Garfield County Jail in his individually listed Defendants, but he does include it in the case caption of his Complaint and he requested service on the same. (ECF No. 1:1; ECF No. 24).

In his two-count Complaint, Plaintiff first alleges that he has been denied trustee status, which purportedly would allow him to earn two days of credit toward his sentence for every one day worked, due to racial discrimination on the part of GCDC employees. (ECF No. 1:2-10). According to Plaintiff, however, even though he was technically denied trustee status, he was still permitted to earn 2-for-1 credit for each day served. (ECF No. 1:4, 7). For his second count, Plaintiff complains that GCDC staff repeatedly opened mail received from this Court, which he characterizes as legal mail, outside of his presence. (ECF No. 1:6, 11-12). By this action, Plaintiff seeks $5,000.00 in damages for his pain and suffering. (ECF No. 1:15).

**II. SCREENING**

The Court is required to evaluate the sufficiency of a complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis.* *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B). Specifically, the Court is required to dismiss a complaint or any portion of a complaint if, at any time, the claims therein are found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(l); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The standard of review for such screening is the same as that applied when considering a motion to dismiss for failure to state a claim. *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).

## III. DISCUSSION

### A. Garfield County Detention Center

It is recommended that any claims against the Garfield County Detention Center ("GCDC") be dismissed. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law. Thus, the GCDC cannot be sued in this Court and any claims against it should be dismissed with prejudice. *Lindsey v. Thomson,* No. 06–7114, 2007 WL 2693970 at *3 (10th Cir. Sept. 10, 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department because they are entities with no apparent legal existence); *see e.g. White v. Utah,* No. 00–4109, 2001 WL 201980, at *1 (10th Cir. March 1, 2001) (affirming dismissal of county jail because no state law supported directing a cause of action directly against a county's subdivisions, including its jails).

### B. Count I

Plaintiff's first count is related to his status as trustee and his ability to earn extra credit for certain employment as a trustee. (ECF No. 1:2, 4-10). Plaintiff makes no reference to the procedure by which he expected to earn credits while working as a trustee in GCDC. However, Plaintiff's claim may relate to the Oklahoma statutes controlling the service of jail sentences, which provide *inter alia* that under certain circumstances prisoners in a county jail are allowed credits for authorized work. *See* Okla. Stat. tit. 57, § 58.3 (providing that "[p]risoners employed as provided herein shall be given a credit of two (2) days on a jail sentence for each day worked …."); *see also*

3

*Hallmark v. State*, 795 P.2d 113, 114 (Okla. Crim. App. 1990) (explaining that pursuant to the two related sections, §§ 58.1 & 58.2, "additional time credits only apply when the inmate is employed in the maintenance of the county courthouse or its grounds at the direction of the County Commissioners"); *see also id.* ("[W]hile the commissioners and the sheriffs of the various counties are responsible for the upkeep of the jail, there is nothing in our laws which prohibits the sheriff from establishing a "trustee" classification which is earned in return for work undertaken in the jail during the prisoner's term of confinement.").

Plaintiff concedes that even though he was terminated from and/or denied employment in the jobs that purportedly allowed him to earn extra credit, he was still earning credit at the trustee rate. (ECF No. 1:4). His complaint though is that, due to the racial bias of GCDC employees, he was simply provided the credit freely and not permitted to earn it through employment. (ECF No. 1:2, 4-10). While this unique set of circumstances certainly makes Plaintiff's claim distinctive, it does not make it meritorious.

The law is clear, Plaintiff has no fundamental or inherent constitutional right to early release. *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (a convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence). It follows then that there is no constitutionally protected interest in earning credits toward early release. *Fogle v. Pierson,* 435 F.3d 1252, 1262 (10th Cir. 2006); *Searcy v. Simmons*, 299 F.3d 1220, 1226

(10th Cir. 2002). *See also Cardoso v. Calbone*, 490 F.3d 1194, 1197-98 (10th Cir. 2007) (holding that an inmate does not have a liberty interest in earning credits if the method by which such credits are earned is wholly discretionary, rather than mandatory); *Brown v. Champion*, No. 95–5061, 1995 WL 433221, at *1 (10th Cir. July 24, 1995) (inmate "has no constitutional right to be classified so that he can earn good time credits"). Thus, even if the Complaint is liberally construed to allege a claim resulting from GCDC's failure to *properly* credit extra time, such claim does not allege a violation of constitutional rights. Absent a constitutionally protected liberty interest, Plaintiff cannot sustain a § 1983 claim, and therefore, Count I should be dismissed for failure to state a claim upon which relief can be granted.

### C. Count II

In his second Count, Plaintiff complains that GCDC employees repeatedly opened his legal mail outside of his presence. Though Plaintiff does not articulate a particular constitutional right infringed upon by these alleged actions, the Tenth Circuit has recognized that an inmate's constitutional "right of access to the courts" may be violated by interference with the inmate's legal mail. *Simkins v. Bruce*, 406 F.3d 1239, 1243 (10th Cir. 2005). The opening of a prisoner's legal mail outside his presence could violate rights to access to the courts under either the First Amendment (Petition Clause) or the Fifth Amendment (Due Process Clause). *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002). Regardless of its origin though, to establish such a violation a prisoner plaintiff must, at a minimum, show that the opening of legal mail hindered his efforts to

pursue a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348–55; *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006).

Plaintiff does not assert that the opening of his legal mail violated his right of access, nor does he allege facts suggesting any actual injury to his right of access. The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *See Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Additionally, to the extent Plaintiff intended to assert that the alleged opening of his legal mail violated his free speech rights under the First Amendment, that claim also fails as pleaded. Inmates have a First Amendment right both to send and receive mail. *See City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993) ("A prohibition on the use of the mails is a significant restriction of First Amendment rights."). However, if Plaintiff is asserting that Defendants denied his First Amendment right to free speech, the facts alleged do not support such an assertion. He does not allege that defendants censored or refused to deliver his mail, nor does he allege facts indicating these incidents sufficiently chilled, inhibited, or interfered with his ability to speak, protest, or complain openly to his attorney. *See West v. Endicott*, No. 06-C-763, 2008 WL 906225, at * (E.D. Wis. March 31, 2008) (discussing recently recognized First Amendment free speech right related to legal mail and limiting the same to communications with an attorney; "the only purpose secrecy serves in the legal mail

context is that it allows inmates to communicate more freely with their attorneys, which of course was the genesis of courts' heightened protections for legal mail in the first place. As such, to the extent the secrecy of legal mail is worth protecting, it is only to the extent it is instrumental in receiving sound legal advice, which ensures uninhibited access to the courts."). The Third Circuit has held that a prison's practice of opening attorney mail, "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech." *Jones v. Brown*, 461 F.3d 353, 359 (3rd Cir. 2006). The Eleventh Circuit has similarly found a "free speech right to communicate with [one's] attorneys by mail, separate and apart from his constitutional right to access the courts." *Al–Amin v. Smith*, 511 F.3d 1317, 1334 (11th Cir. 2008).

Here, the only mail about which Plaintiff complains is mail he has received from this Court and that would already be a matter of public record. Thus, Plaintiff's claim does not appear to be grounded in those "typical First Amendment considerations" that "protect the flow" of ideas and freedom of speech. *See Walker v. Navarro County Jail*, 4 F.3d 410 (5th Cir. 1993) (Inmate's allegation that legal mail was opened and read but not censored does not rise to level of constitutional violation). Accordingly, Plaintiff's Count II should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV. MISCELLANIOUS MATTERS

Plaintiff has filed a Motion for Summary Judgment (ECF No. 40) and Defendants have filed a Motion to Strike Plaintiff's Motion for Summary Judgment. (ECF No. 42). In light of the recommended dispositions herein, the undersigned recommends denying each of these motions as moot.

## V. RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915. Any claims against Defendant Garfield County Detention Center should be dismissed with prejudice. Additionally, Plaintiff's Count I should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff's Count II should be dismissed without prejudice for failure to state a claim upon which relief can be granted. Finally, Plaintiff's Motion for Summary Judgment **(ECF No. 40)** and Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment **(ECF No. 42)** should be **DENIED as moot**.

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **July 10, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

ENTERED on June 23, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE